Leroy SELL

v.

**Police Chief Robert BARNER, Bethlehem Township, individually and official capacity; Police Officer William Leiser, Jr., Bethlehem Township, individually and official capacity; Police Sergeant Ronald Clause, Bethlehem Township, Individually and Official Capacity; Bethlehem Township; Police Chief Frank Vigilanti, Freemansburg Borough, individually and official capacity; Police Officer James Brocious, Jr., Freemansburg Borough, individually and official capacity; Police Officer Robert Nichols, Freemansburg Borough, individually and official capacity; Freemansburg Borough.**

Civ. A. No. 82–5270.

United States District Court, E.D. Pennsylvania.

March 28, 1984.

Colie B. Chappelle, Philadelphia, Pa., for plaintiff.

A.J. Piazza, Scranton, Pa., Jackson M. Sigmon, Matthew Sorrentino, Bethlehem, Pa., Joseph Goldberg, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988 and the First, Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, alleging, *inter alia*, that certain officers from the Bethlehem Township and Freemansburg Borough police departments violated his constitutional rights by "illegally seiz[ing]" him, using excessive force to effect that seizure, and "maliciously filing criminal charges" against him. Plaintiff's complaint at paragraphs 14–21. Bethlehem Township and Freemansburg Borough, as well as the police chiefs of those municipal entities, have been named as additional defendants. Plaintiff has also alleged certain pendent state claims.

The complaint alleges that in the early morning hours of November 26, 1980, the plaintiff was assisting a friend experiencing car trouble at the intersection of William Penn Highway and Fifth Street in Bethlehem Township. During this time period, defendant Leiser, a Bethlehem Township police officer, arrived on the scene and ordered plaintiff to leave. A conversation ensued between the two parties during the course of which Leiser, without provocation, attacked the plaintiff. It is specifically alleged that Leiser grabbed the plaintiff "by his neck and threaten[ed] to smach [sic] his face with a flashlight". Plaintiff's complaint at paragraph 14. Plaintiff was able to break the officer's grip and walk away. However, plaintiff alleges that he was attacked twice more within the next several minutes. In the first of the latter two instances, it is alleged that Officer Leiser and Sergeant Clause struck the plaintiff with a flashlight and a billy club and, thereafter pointed a gun at him. Plaintiff somehow managed to again walk away from this attack only to suffer a third attack by Officers Leiser, Clause, Brocious and Nichols. It is alleged that the four officers struck plaintiff "about his body

and head thereby inflicting bodily injury and pain". Plaintiff's complaint at paragraph 17. Although it is not set forth clearly in the complaint's recitation of the facts, plaintiff was apparently arrested by the defendant police officers. It is alleged that "[d]efendants Leiser, Nichols and Brocious [ ] maliciously filed criminal charges of aggravated assault, resisting arrest, and lesser offenses". Plaintiff's complaint at paragraph 18. It is further alleged that the defendant police chiefs Barner and Vigilanti "encoraged [sic] and urged" their respective police officers to file the aforementioned criminal charges. Plaintiff's complaint at paragraph 18. Finally, it is alleged that "[d]efendant Vigilanti also maliciously interceded in the prosecution of the aforesaid charges by preventing the plaintiff's admission into a rehabilitation program". Plaintiff's complaint at paragraph 19. Implicit therein, although absent from the factual recitation, is that plaintiff was tried and convicted with respect to some or all of the charges filed against him.

Presently before the Court are the defendants' motions to dismiss. We are required, for purposes of such motions, to assume the allegations in the complaint are true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1689, 40 L.Ed.2d 90 (1974); *D.W. Realty, Inc. v. Harford Mutual Insurance Company*, 575 F.Supp. 654, 655 (E.D.Pa.1983).

### *42 U.S.C. § 1983*

 With respect to his claims that the four policemen "illegally seiz[ed]" him and "maliciously filed criminal charges" against him, plaintiff's complaint does not adequately establish a § 1983 claim. It is axiomatic that a civil rights complaint must be pleaded with specificity sufficient to provide fair notice to defendants of the substance of plaintiff's claims and the grounds upon which they rest. *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980). Where a complaint "relies on vague and conclusory allegations [it] does not provide 'fair notice' and will not survive

a motion to dismiss." *Id.* Moreover, these pleading requirements will be strictly enforced where, as here, a plaintiff is represented by counsel.

 We interpret plaintiff's assertion that he was "illegally seized" under the color of state authority as a claim that he was arrested unlawfully, *i.e.*, without probable cause. Unfortunately, this is not specifically established by the pleadings. In fact plaintiff does not even allege that he was arrested. It is only through allegations of charges being filed against him and a vague allegation pertaining to a prosecution of said charges that it can be assumed that he must have been arrested. If plaintiff was, in fact, prosecuted on the basis of all or some of the charges filed against him, the outcome of that prosecution would weigh heavily in our determination as to whether he can establish a claim for unlawful arrest.

The same holds true for plaintiff's claim that the arresting officers maliciously filed criminal charges against him. We assume that plaintiff is contending that the charges against him were filed in bad faith and without basis in law or fact. However, if he was prosecuted on the basis of any of these charges, a logical prerequisite for establishing a § 1983 claim as to them would be his acquittal on same. Unfortunately, the outcome of the prosecution is not alleged. Indeed, the existence of a prosecution is only mentioned indirectly, leaving defense counsel and the Court to wonder what facts form the basis for a cause of action as to these issues.

Neither the defendants nor the Court can be required to piece together in jigsaw fashion the factual allegations with which plaintiff intends to support his claims. Consequently, we will grant the police officers' motions to dismiss as to the claims of illegal seizure and malicious filing of criminal charges without prejudice to the plaintiff's filing an amended complaint within twenty (20) days. The amended complaint should allege with greater specificity the facts which plaintiff believes form a basis for the claims in issue. We specifically

322

direct that he include allegations pertaining to the prosecution, if any, of the charges involved and the outcome of that prosecution.

■ Turning to what we have interpreted as plaintiff's claim that the four officers used excessive force in seizing him, we find that the complaint meets the minimum pleading requirements necessary to establish a colorable cause of action under § 1983. The allegations that the patrolmen beat plaintiff about his body and head with the use of billy clubs and flashlights support a finding that they violated his constitutional rights under the color of state authority. *Buskirk v. Seiple*, 560 F.Supp. 247, 250 (E.D.Pa.1983). Consequently, we will deny the motions to dismiss filed by the defendant police officers insofar as those motions pertain to plaintiff's excessive force claim under § 1983. Our ruling requires that we dismiss plaintiff's claims asserted under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution, since they are wholly subsumed by the § 1983 cause of action. *Rogin v. Bensalem Township*, 616 F.2d 680, 686 (3d Cir.1980); *Meetinghouse Associates v. Warwick Township*, No. 82–5224 slip op. at 6, (E.D.Pa. January 17, 1984). To permit plaintiff to proceed on the constitutional claims would be to sanction a mere duplication of the § 1983 claim and would amount to "a redundant and wasteful use of judicial resources". *Id.; Buskirk, supra* at 251.

■ Continuing with his § 1983 claims, it is alleged that the defendant police chiefs, Robert Barner and Frank Vigilanti, violated plaintiff's constitutional rights under the color of state authority by encouraging and urging the defendant police officers to file the criminal charges in issue. Such allegations are woefully insufficient to support a § 1983 claim or any other claim premised upon a constitutional violation. Nowhere in the complaint does the plaintiff allege that the police chiefs had knowledge that the criminal charges filed were not substantiated. This knowledge is an essential prerequisite to plaintiff's es-

tablishment of a § 1983 claim as to them. However, even if the facts would support the correction of this pleading deficiency, plaintiff's allegations would still fall short of establishing the intended cause of action. Assuming, *arguendo*, the defendant police chiefs had knowledge that the charges filed were unsubstantiated, mere encouragement of their filing in the face of such knowledge does not rise to the level of a constitutional violation. Where, as here, the police chiefs did not *order* the filing of criminal charges, the actions of the police officers in that regard must be considered discretionary. Under these circumstances, the alleged unconstitutional conduct cannot be attributed to the police chiefs.

■ Likewise, plaintiff's allegation that defendant Vigilanti "maliciously interceded in the prosecution of the aforesaid charge, by preventing plaintiff's admission into a rehabilitation program" is insufficient to support a constitutional claim. Plaintiff's complaint at paragraph 19. The above quoted allegation presupposes factual information not provided to us. Specifically, it presumes that plaintiff has been tried, convicted and sentenced with respect to the charges in question. As previously discussed, no information as to any of these possible occurrences has been included in the complaint's factual recitation. Consequently, dismissal of this claim is warranted for failure to plead with the requisite specificity. Nonetheless, assuming *arguendo* that the plaintiff was tried and convicted on the charges in issue, his sentence would be within the sound discretion of the trial court. To that end, the trial judge may have had the option of placing the plaintiff in a rehabilitation program. Importantly, however, a convicted defendant would not have, under any circumstances, a *constitutional* right to be placed in a rehabilitation program. Therefore, any conduct on the part of defendant Vigilanti which may have prevented the plaintiff's being admitted into such a program cannot support a constitutional claim. Accordingly, all § 1983 claims or other claims pre-

mised upon constitutional violations of the defendant police chiefs must be dismissed.

■ The complaint also seeks, in Count II, to impose liability for the conduct of the police officers on the municipal defendants under a *respondeat superior* theory. In light of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), this claim is "simply incredible". *Buskirk, supra* at 251. The Supreme Court therein held that local governments may not be found liable under a theory of *respondeat superior* for constitutional violations of their employees except where the injury complained of was caused by conduct performed in accordance with "official municipal policy of some nature". *Monell, supra* at 691, 98 S.Ct. at 2036; *Hawk v. Brosha,* No. 81–1860 slip op. at 3 (E.D.Pa. January 11, 1984). Where, as here, no such municipal policy is alleged, the claims shall be dismissed.

### 42 U.S.C. §§ 1985, 1986

■ The plaintiff has additionally brought this action pursuant to 42 U.S.C. § 1985(2) and (3). Although the complaint does not specify which part of section 2 it is based upon, the facts alleged tend to support a claim under the second part only. To establish a cause of action under 42 U.S.C. § 1985(2) and (3), the plaintiff must allege facts sufficient to show that the defendants conspired to deny him his right of equal protection of the laws or of equal privileges and immunities under the laws. Moreover, the Supreme Court has required that claims brought under both sections be supported by allegations that the conspiratorial acts were motivated by a "class-based, invidiously discriminatory animus". *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Jones v. Kalita,* No. 83–2597 slip op. at 2 (E.D.Pa. December 16, 1983). Neither the allegations nor the facts supporting them show the requisite motivation on the part of the defendants. In fact, plaintiff has not even alleged that the defendants conspired to carry out their acts. Nor would it appear that the facts support the existence of a conspiracy. For these reasons, we will dismiss plaintiff's § 1985 claim as frivolous. 28 U.S.C. § 1915(d).

Since a cause of action under 42 U.S.C. § 1986 is based upon a failure to prevent the wrongs discussed in § 1985, it must likewise be dismissed. *Brawer v. Horowitz,* 535 F.2d 830, 841 (3d Cir.1976); *Jones v. Kalita, supra* at 2.

In summary, we will dismiss all federal claims against the defendant municipal entities and the defendant police chiefs since the complaint has not alleged facts sufficient to support any such claims as to them. Nor would it appear that such facts can be alleged. As regards the defendant police officers, we will dismiss without prejudice plaintiff's claims based upon the theories of illegal seizure and malicious filing of charges. Plaintiff will be given twenty (20) days to file an amended complaint, if he so chooses, which includes the additional factual allegations discussed previously in this memorandum. A dismissal will not be granted as to the excessive force claim against the police officers. The allegations that the officers used excessive force in subduing the plaintiff are sufficient to establish a colorable § 1983 claim as to them. However, all other federal claims against the police officers will be dismissed.

### Pendent State Claims

Having dismissed all federal claims against Bethlehem Township, Freemansburg Borough, Police Chief Robert Barner and Police Chief Frank Vigilanti, we will likewise dismiss all pendent state claims directed at them. A district court has broad discretion in deciding whether to exercise its power of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Where, as here, the federal claims have been dismissed prior to trial, the state claims should also be dismissed. *Id.* To this end, Count III will be dismissed in its entirety, since it contains allegations of negligent conduct applicable to the defendant police chiefs and municipalities

only. Contrarily, Count IV, which contains allegations of intentional tortious conduct, appears to be directed primarily at the remaining police defendants. We will not dismiss the state claims enumerated therein insofar as they apply to the police officers, since a colorable § 1983 claim has been established as to them. However, to the extent, if any, that the claims under Count IV concern the municipal or police chief defendants, they are dismissed.

An appropriate order shall follow.

## ORDER

AND NOW, this 28th day of March, 1984, IT IS ORDERED that:

1. the motions to dismiss of defendants Bethlehem Township, Freemansburg Borough, Police Chief Robert Barner and Police Chief Frank Vigilanti are GRANTED and all federal and state claims directed against them are DISMISSED with prejudice. To this end, Counts II and III of the complaint are DISMISSED in their entirety.[1]

2. the motions to dismiss of defendants Officer William Leiser, Jr., Sergeant Ronald Clause, Officer James Brocious, Jr., and Officer Robert Nichols are GRANTED and the complaint is DISMISSED with prejudice insofar as it asserts claims against the defendant police officers under 42 U.S.C. §§ 1985 and 1986 and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution. To the extent that the motions to dismiss of the defendant police officers are directed at plaintiff's claim of excessive force under 42 U.S.C. § 1983, the motions are DENIED. With respect to the plaintiff's claims of illegal seizure and malicious filing of criminal charges the police officers' motions are GRANTED and the claims are DISMISSED

without prejudice to the filing of an amended complaint within twenty (20) days of the date of this order.[2]

---

1. Since Counts II and III of plaintiff's complaint concern the dismissed defendants only, they are dismissed in their entirety. Counts I and IV cannot likewise be dismissed because they include claims against the remaining police defendants. However, to the extent that Counts I and IV assert claims against the dismissed defendants, they are dismissed.

2. Lengthy delays on the part of plaintiff's counsel in responding to the defendants' motions and correspondence from the Court regarding those motions which have heretofore been tolerated are no longer acceptable. Consequently, counsel shall be on notice that all time limitations fixed by the Court will be strictly enforced.