**Rogelio PADRO, Jr.**

v.

**Det. Randy HEFFELFINGER, et al.**

**Civ. A. No. 85–3281.**

United States District Court, E.D. Pennsylvania.

May 6, 1986.

Rogelio Padro, Jr., pro se.

Thomas A. Wallitsch, Allentown, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

On May 15, 1985, Rogelio Padro, plaintiff in this 42 U.S.C. § 1983 case, was arrested by defendant Conjour, Whitehall Township Chief of Police. Padro was charged with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, possessing instruments of crime, resisting arrest and attempted burglary. After pleading guilty to the charges of attempted burglary and criminal trespass, Padro was incarcerated at the Lehigh County Prison, where he remains. Prior to the disposition of the criminal charges, Padro filed this action in which he alleges that he was arrested without probable cause and that Chief Conjour used excessive force in effecting the arrest.

■ Defendants have now moved for summary judgment, contending that there are no material issues of fact in dispute. As to Padro's claim for the invasion of his Fourteenth Amendment liberty interest in not being subjected to an unlawful arrest, defendants are correct. As we have stated on a prior occasion when considering a similar claim, "a logical prerequisite for

establishing a § 1983 claim as to [lack of probable cause for arrest] would be his acquittal on [the charges]". *Sell v. Barner,* 586 F.Supp. 319, 321 (E.D.Pa.1984). Since there can be no factual dispute as to the outcome of the criminal charges, defendants are certainly entitled to summary judgment as to that portion of the complaint. Padro's guilty plea is sufficient to establish that the arrest was made with probable cause.

As to the remaining claim for excessive force, the Court has been hampered in considering the merits of defendants' motion on that issue by plaintiff's failure and refusal to respond to any of defendants' discovery requests or to the motion for summary judgment itself. Defendants urge the Court to deem admitted their unanswered requests for admissions and to accept the deposition testimony of defendants Conjour and Heffelfinger as to the circumstances surrounding Padro's arrest. While we are reluctant to do so on a motion for summary judgment filed against a *pro se* plaintiff, we are equally reluctant to allow the plaintiff to foreclose defendants' opportunity to obtain a pre-trial disposition of the case simply by doing nothing.

■ Although *pro se* pleadings are to be liberally construed, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and time restraints for prisoner filings are subject to equitable considerations relating to prisoners' "unique circumstances", *Grandison v. Moore, et al.,* 786 F.2d 146, 149 (3d Cir.1986), the Court can discern no requirement of unlimited patience toward prisoners who file civil rights complaints. Such plaintiffs are required to respond to notices from the Court and to defendants' discovery requests and motions. Too often, prisoner plaintiffs assume that they are free to abdicate all responsibility for pursuing their cases once they have filed a complaint. Typically, the complaint is followed shortly by a request for appointment of counsel, as it was in this case.[1] When, as here, that request is denied, many *pro se* plaintiffs refuse to do anything further, apparently in the hope that the Court will reconsider its decision not to appoint counsel. The case may then languish for months or even years as the plaintiff maintains that he is unable to proceed or, as here, does nothing at all.

■ A *pro se* plaintiff who chooses to follow such a contumacious course must, like any other litigant, be subject to certain procedural rules designed to facilitate the just but expeditious resolution of cases. These include: (1) the Court's inherent power to manage its docket, *Hritz v. Woma,* 732 F.2d 1178 (3d Cir.1984); (2) the rules of civil procedure which allow dismissal as a sanction for failure to cooperate in discovery and to comply with orders of the Court, Fed.R.Civ.P. 37(b) and 41(b); (3) the Eastern District rule which allows the Court to consider a motion uncontested in the absence of a timely response, Loc.R. Civ.P. 20(c); and (4) the rule of civil procedure which describes the response necessary to defend a well-supported motion for summary judgment, Fed.R.Civ.P. 56(e).

■ The Court of Appeals for the Third Circuit has admonished district courts to use sparingly the extreme sanction of terminations on procedural grounds. Accordingly, despite plaintiff's failure to answer defendants' motion for over two months, we do not base our decision solely upon Rule 56(e) and Local Rule 20(c). Instead, we rely upon the factors identified in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984) to support our determination that it is appropriate to sanction plaintiff's conduct by dismissing the case.

The first *Poulis* factor, the extent of the party's personal responsibility, certainly weighs in favor of termination. Since there is no attorney involved, plaintiff bears complete responsibility for his failure

---

1. Our Memorandum and Order denying that request sets forth in detail the reasons for our decision on that issue. *Padro v. Heffelfinger, et al.,* No. 85–3281 slip op. (E.D.Pa. December 10, 1985) [Available on WESTLAW, DCTU database].

to proceed with the case and comply with discovery requests.

The second *Poulis* factor deals with the prejudice the defendants will suffer if the case is allowed to remain active. As noted, the defendants have been effectively foreclosed from having the Court consider the merits of their motion for summary judgment. Defendants should not be forced to the trouble and expense of a trial and its preparation simply because the Court does not feel free to hold a *pro se* plaintiff to procedural standards comparable to those applicable to other litigants. Ordinarily, the Court would grant as uncontested a motion to which the adversary did not respond for such an extended period and would deem admitted unanswered requests for admissions. Although we are reluctant to do so here, without further inquiry into whether such a course is just under the circumstances, we are permitted to recognize the prejudice which defendants will suffer if the case is left hanging until the plaintiff responds to outstanding discovery requests and to the motion for summary judgment, if he ever does, or until the case is called for trial. We conclude that this factor, too, weighs in favor of granting judgment for defendants.

We next consider whether there was a history of dilatoriness and whether there are effective alternative sanctions available. Plaintiff here has gone beyond dilatory conduct. He has consistently refused to recognize and assume his responsibility for pursuing his action. There is no reason to assume that his conduct will change if we once again urge him to respond to discovery and to the motion. There is no lesser sanction at our disposal. Under the circumstances, the Court's other alternatives are to dismiss the case pursuant to rule 41(b) or to deem admitted the requests for admissions. Importantly, the alternative courses also result in termination. In reality, there is no meaningful distinction among the Court's options. We have chosen the long way around only to give this *pro se* plaintiff the benefit of every doubt in determining whether his case should be terminated at this juncture.

The final consideration is the meritoriousness of the claim. As noted, plaintiff makes two claims, only one of which can survive defendants' motion for summary judgment in any event. As to the claim for excessive force, we note first that, although defendant Heffelfinger is named in the caption, the allegations of the complaint mention only defendant Conjour by name and refer only to his conduct. Thus, it appears that plaintiff may have named Heffelfinger only in connection with the claim for lack of probable cause, which would result in judgment in Heffelfinger's favor. Even the liberal construction accorded *pro se* complaints requires, at a minimum, that the actors and the conduct of which plaintiff complains be identified. There are no allegations whatsoever against Heffelfinger. Consequently, the case against him appears to be devoid of merit.

Likewise, there are no allegations implicating defendant Whitehall Township in the events surrounding this action. We can only conclude that plaintiff seeks to hold liable the municipal employer of defendant Conjour on the theory of *respondeat superior*, which, of course, is not available in a § 1983 action. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

■ The only potentially viable claim remaining is against Chief Conjour for excessive force in making the arrest. Admittedly, testimony on this issue is likely to differ at a trial on the merits. However, the sworn deposition testimony of Conjour, supported by that of Heffelfinger, indicates that although the circumstances of the arrest were difficult, the plaintiff was not injured. Moreover, the complaint makes no reference to medical treatment. The mere use of force in an arrest is not actionable. Even assuming as completely true and accurate the allegations of the complaint, plaintiff faces overwhelming difficulty in making out a claim for excessive force. While this factor, as to defendant Conjour only, may not, standing alone, support a decision to dismiss under Rules 37(b)

or 41(b), it does not outweigh or even equal the factors in favor of judgment in this case which, as previously stated, is also subject to Rule 56(e).

Plaintiff has been given ample opportunity to respond to requests for discovery and to respond to the instant motion. Given the liberal treatment accorded *pro se* pleadings, he needed to do very little to raise an issue of material fact as to the excessive force claim against Conjour. He could have denied all the requests for admissions. Instead, plaintiff did nothing at all. We conclude that Padro's failure and refusal to pursue his case warrants judgment for the defendants.