**Roger BIEROS, Plaintiff**

v.

**Police Chief NICOLA, Detective Cane, Officer Boland, Officer Martynuik, Officer Pizza, Officer Vuotto, One Unknown Bridgeport Police Officer, Defendants.**

**Civ. A. No. 93–CV–4485.**

United States District Court, E.D. Pennsylvania.

Aug. 17, 1994.

---

Roger Bieros, pro se.

Jonathan F. Altman, Altman & Associates, Philadelphia, PA, for defendants: Nicola, Cane, Boland, Martynuik, Pizza, Vuotto, Hamel, Samodelov, and One Unknown Bridgeport Policeman.

Walter S. Jenkins, Sweeney, Sheehan & Spencer, Philadelphia, PA, for defendants: Gerber, Glammer, Armstrong and Dickerson.

### MEMORANDUM & ORDER

JOYNER, District Judge.

Presently before the Court is Police Defendants'[1] Motion To Dismiss Plaintiff's Com-

---

1. "Police Defendants" are Police Chief Nicola, Detective Cane, Officers Boland, Martynuik, Piz-

plaint and Amended Complaint, which incorporates Police Defendants' pending Motion for Judgment on the Pleadings.

## I. *HISTORY OF THE CASE*

Plaintiff Bieros, an inmate at the state correctional institution in Graterford, Pennsylvania, filed a *pro se* complaint alleging that Police Defendants deprived him of his civil rights during his arrest and trial on assault charges. Plaintiff alleges at various times during and after his arrest, certain Police Defendants used excessive force, coerced him to sign his Miranda warnings, and harassed him. Plaintiff's complaints [2] allege violations of 42 U.S.C. §§ 1983, 1985(3), 1986 and 1997d. On August 5, 1994, this Court dismissed all of Plaintiff's claims with prejudice against the County Defendants after giving Plaintiff two opportunities to amend his complaint. *See Bieros v. Nicola*, 860 F.Supp. 223 (E.D.Pa.1994).

## II. *STANDARDS APPLICABLE TO A RULE 12(B)(6) MOTION TO DISMISS*

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is the appropriate method by which to challenge the legal sufficiency of a claim. *See e.g. United States v. Marisol, Inc.*, 725 F.Supp. 833 (M.D.Pa.1989). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). The court must accept as true all of the matters pleaded and all reasonable inferences that can be drawn therefrom, construing them in the light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990); *Hough/Lowe Assoc., Inc. v. CLX Realty Co.*, 760 F.Supp. 1141, 1142, (E.D.Pa.1991). A complaint is properly dismissed if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). Courts must construe *pro se* complaints liberally, and such complaints are held to less stringent standards than those drafted by attorneys. *Blassingale v. Administration at Suburban Gen. Hosp.*, No. CIV. A. 93–2601, 1993 WL 451491, at *1 (E.D.Pa. Nov. 3, 1993) (citations omitted); *Orrs v. Comings*, No. CIV. A. 92–6442, 1993 WL 418361, at *1 (E.D.Pa. Oct. 13, 1993) (citations omitted). The complaint must provide the defendant with fair notice of the plaintiff's claim and the grounds on which it rests. *Comp v. Warren*, CIV. A. 93–5436, 1994 WL 30303, at *3 (E.D.Pa. Feb. 3, 1994) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Timmons v. Cisneros*, CIV. A. 93–1854, 1993 WL 276863, at *1 (E.D.Pa. July 22, 1993) (citing *Leatherman v. Tarrant County Narcotics Intelligence Unit*, —— U.S. ——, ——, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993)); *Sell v. Barner*, 586 F.Supp. 319, 321 (E.D.Pa. 1984) (citing *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980)). Vague and conclusory allegations do not provide fair notice and thus cannot survive a motion to dismiss. *Sell*, 586 F.Supp. at 321.

## III. *DISCUSSION*

### A. *42 U.S.C. § 1983*

To plead an action under 42 U.S.C. § 1983 ("section 1983"),[3] the plaintiff must

---

za, Vuotto and One Unknown Bridgeport Police Officer.

"County Defendants" are Public Defenders Glenn Gerber, Esquire, Dan Glammer, Esquire, John Armstrong, Esquire, Jeanette Dickerson, Esquire and Probation Officers Michael F. Hamel and Nancy S. Samodelov.

2. We must examine both Plaintiff's original complaint and his amended complaint in this case, since the amended complaint was filed after granting Plaintiff leave to amend with regard to his claims against County Defendants. The amended complaint, however, purported to clarify some of Plaintiff's claims in the original complaint against Police Defendants, yet it did not supersede the original complaint. Thus, because there are two sets of defendants represented by two attorneys, and because Plaintiff's *pro se* status allows him some freedom with the rules of civil procedure, we are faced with two complaints.

3. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any

allege that the defendants acted under color of state law and deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Cohen v. City of Philadelphia,* 736 F.2d 81, 83 (3d Cir.1984), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). As Police Defendants do not dispute that they acted under color of state law, the only issue before the Court is whether plaintiff has sufficiently alleged that the Police Defendants deprived him of any constitutional rights. However, since section 1983 itself creates no substantive rights, the difficult task is in determining which constitutional right Plaintiff was deprived. *See Albright v. Oliver,* —— U.S. ——, ——, 114 S.Ct. 807, 811, 127 L.Ed.2d 114 (1994) ("The first step in any [section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Dismukes v. Hackathorn,* 802 F.Supp. 1442, 1444 (N.D.Miss.1992). In this case, the majority of Plaintiff's allegations is that Police Defendants assaulted him at various times. Thus, the key question then becomes what Plaintiff's status was at the time the excessive force was allegedly exerted. *Stewart v. Roe,* 776 F.Supp. 1304, 1306 (N.D.Ill. 1991).

■ Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other "seizure" [4] of a free citizen are analyzed under the Fourth Amendment objective reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 395–9, 109 S.Ct. 1865, 1871–3, 104 L.Ed.2d 443 (1989); *Nelson v. Mattern,* 844 F.Supp. 216, 222 (E.D.Pa.1994). The analysis must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 394, 109 S.Ct. at 1871; *Nelson,* 844 F.Supp. at 222. The test for objective reasonableness "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] ... is attempting to evade arrest by flight." *Graham,* 490 U.S. at 396, 109 S.Ct. at 1872 (citation omitted); *Nelson,* 844 F.Supp. at 222. Whether a particular use of force was objectively reasonable must be judged from the perspective of a reasonable officer at the scene and not by hindsight. *Graham,* 490 U.S. at 396, 109 S.Ct. at 1872 (citation omitted).

Whether the Fourth Amendment continues to protect individuals "beyond the point at which arrest ends and pretrial detention begins" is uncertain. *Buck v. Caesar,* No. CIV. A. 92–3191, 1993 WL 175396, at 2 n. 1 (E.D.Pa. May 24, 1993); *Stewart,* 776 F.Supp. at 1306. It is clear that courts apply the Due Process Clause of the Fourteenth Amendment to protect pretrial detainees from excessive force. *Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3rd Cir. 1990) (Fourteenth Amendment applies when plaintiff is a pretrial detainee); *Buck,* 1993 WL 175396, at 2 n. 1 (citing *Bell v. Wolfish,* 441 U.S. 520, 535–539, 99 S.Ct. 1861, 1871–1874, 60 L.Ed.2d 447 (1979)); *Stewart,* 776 F.Supp. at 1306 (citations omitted). *See also Fagan v. City of Vineland,* 22 F.3d 1296, 1305 n. 5 (3rd Cir.1994) ("where the excessive

---

State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. 42 U.S.C. § 1983 (1981).

4. Seizures triggering Fourth Amendment protections occur only when government actors restrain the liberty of a citizen by some means of physical force or show of authority. *Graham v. Connor,* 490 U.S. 386, 394 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879, n. 16, 20 L.Ed.2d 889 (1968); *see also Brower v. County of Inyo,* 489 U.S. 593, 596, 109 S.Ct. 1378, 1381, 103 L.Ed.2d 628 (1989).

force does not involve a 'seizure' by law enforcement officials, courts have held that a ... substantive due process claim survives."). Although a pretrial detainee has been defined as a person charged but not yet convicted of a crime, *Bell v. Wolfish,* 441 U.S. 520, 523, 99 S.Ct. 1861, 1865–66, 60 L.Ed.2d 447 (1979), it is not clearly defined when an arrest ends and pretrial detention begins, nor are there any cases in this Circuit clearly explaining the dichotomy. Other courts have also struggled with this concept. *See Valencia v. Wiggins,* 981 F.2d 1440, 1449 n. 44 (5th Cir.1993) ("Precisely when the arrest mode ceases and the pretrial detainment mode begins remains an unanswered question ..."); *Austin v. Hamilton,* 945 F.2d 1155, 1158–60 (10th Cir.1991) (noting different courts' treatment of whether Fourth or Fourteenth Amendment applied to post-arrest excessive force and holding the Fourth Amendment applies up until arrestee's first judicial hearing.)

The issue of whether claims of excessive force after one's arrest are governed by the Fourth or Fourteenth Amendments is further confounded by the Supreme Court's recent decision of *Albright v. Oliver,* —— U.S. ——, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In *Albright,* petitioner surrendered to the police after learning a warrant had been issued for his arrest, however, the case was ultimately dismissed. Petitioner brought suit against the arresting police officer under section 1983 alleging that he violated his right to be free from criminal prosecution except for probable cause under the Fourteenth Amendment. The Court affirmed the dismissal of petitioner's case, holding there was no substantive due process right which had been violated. Significantly, the Court noted that petitioner failed to bring a claim under the Fourth Amendment, "notwithstanding the fact that his surrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment." *Id.,* —— U.S. at ——, 114 S.Ct. at 812. In a concurring opinion, Justice Ginsburg reasoned that even though petitioner had been released from custody on bond, he was still under seizure for Fourth Amendment purposes, because he had to return to court to answer the charges against him. *Id.,* —— U.S. at ——, 114 S.Ct. at 816.

■ Courts could construe *Albright* as finally determining that persons subject to excessive force after the arrest should bring claims under the Fourth and not the Fourteenth Amendment. *See Brothers v. Klevenhagen,* 28 F.3d 452, 458–59 (5th Cir.1994) (Stewart, J., dissenting). However, we decline to do so. First, the issue in *Albright* was limited to the specific facts of that case; a case where plaintiff was allegedly arrested without probable cause, and not a case involving excessive force after an arrest. Second, since petitioner did not bring a claim under the Fourth Amendment, the Court's discussion was merely dictum. Rather, we agree with the only Court that appears to have considered the issue after *Albright,* which held that after the arrest had been completed and the individual is placed into police custody, then the individual becomes a pretrial detainee and is subject to the Fourteenth Amendment. *Brothers,* 28 F.3d at 456. The *Brothers* court distinguished *Albright* on the cases' factual differences because *Brothers* involved a "detainee" who escaped from custody while being transported to another jail. The court further reasoned that the "portion of *Albright* that suggests that the Fourth Amendment applies to pretrial deprivations of liberty did not receive the support of a majority of the Justices." *Id.,* 28 F.3d at 459 n. 3 (citing *Albright,* —— U.S. at ——, 114 S.Ct. at 813).

■ Once it is determined that the Fourteenth Amendment applies, violations of substantive due process occur when one's conduct amounts to force that is brutal or is sufficiently egregious so that it "shocks the conscience." *Fagan v. City of Vineland,* 22 F.3d 1296, 1303 (3rd Cir.1994); *Dismukes v. Hackathorn,* 802 F.Supp. 1442, 1446–1447 (N.D.Miss.1992). However, not every use of force by a state actor rises to the level of a constitutional violation, rather, it must be "more egregious than that which gives rise to a simple tort action." *Dismukes,* 802 F.Supp. at 1447. Finally, while claims of excessive force can also be analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment, the Eighth

Amendment only applies after the claimant has been convicted of a crime and sentenced. *Graham v. Connor*, 490 U.S. 386, 393 n. 6, 109 S.Ct. 1865, 1870 n. 6, 104 L.Ed.2d 443 (1989).

Reviewing Plaintiff's complaint and amended complaint, we find that Plaintiff has sufficiently stated claims for violations of his constitutional rights with regard to Defendants Vuotto, One Unknown Bridgeport Police Officer and Police Chief Nicola, but not against Defendants Cane, Pizza, Boland and Martynuik. In so stating, we note that Plaintiff has not specifically alleged which constitutional right he was deprived. However, based on the above rules, he has sufficiently stated claims against certain defendants under both the Fourth and Fourteenth Amendments.

■ We first address Plaintiff's claims of excessive force which appear to have occurred shortly after his arrest. · Plaintiff alleges that he was arrested on September 29, 1991 at approximately 12:05 a.m. He states that "at 12:30 a.m., the plaintiff refused to sign Miranda warnings due to denial of counsel, a phone call and counsel presence.... At a time between 12:30 and when the mug shot was taken, plaintiff was assaulted in the parking lot of Montgomery County Hospital, in a police car by Officer Vuotto." Complaint, paras. 22, 23. In Count Two of the same complaint, Plaintiff alleges that Defendant Vuotto assaulted Plaintiff while he was handcuffed. *Id.* at para. 36. He further alleges in the Amended Complaint that Defendant Vuotto beat him en route to the Montgomery Hospital and pushed his head into a door frame, ostensibly because he would not sign his Miranda warnings and he requested to make a telephone call. Amended Complaint, para. 2. For the Fourth Amendment to apply, the use of this force must be unreasonable, and it must occur during the course of an arrest. In the complaint, Plaintiff alleges he was arrested at least half an hour before the alleged assault occurred. However, allegations that excessive force was used while transporting an individual to the police station after an arrest have been analyzed under the Fourth Amendment. *Faught v. Coughlin*, No. 93–15381, 1994 WL 126735, at 3 (9th Cir. April

13, 1994); *see also Rowell v. Mescall,* No. 85 C 186, 1990 WL 129342, at 5–6 (N.D.Ill. Aug. 24, 1990) (officer's use of excessive force during arrest and after plaintiff was brought to police station raised issues under Fourth Amendment.) While the facts are not clear in this case, if plaintiff was beaten after his arrest and before he was taken to the police station, it is arguable that the police were still effectuating a seizure, and therefore the Fourth Amendment applies. Viewing the facts in the light most favorable to Plaintiff here, we hold that Defendant Vuotto's action were not objectively reasonable because no amount of force should be used simply because Plaintiff refused to sign his Miranda warnings and requested to make a phone call.

Additionally, it is possible that Plaintiff may be considered to be a pretrial detainee and subject to the protections of the Fourteenth Amendment depending on when the alleged assault occurred and how much time had passed after the arrest. Use of such force to coerce Plaintiff to sign Miranda warnings or in retaliation for requesting a phone call clearly "shocks the conscience" and would violate Plaintiff's substantive due process rights if plaintiff was considered to be a pretrial detainee. Thus, we cannot say Plaintiff's complaint and amended complaint fail to state a claim against Defendant Vuotto for a violation of Plaintiff's Fourth or Fourteenth Amendment rights.

■ Plaintiff also sufficiently alleges a claim against Defendant Nicola for use of excessive force in violation of the Fourth or Fourteenth Amendments. Defendant Nicola allegedly hit Plaintiff with a soccer ball while Plaintiff was in the holding cell to coerce Plaintiff to answer questions and sign his Miranda warnings. Whether Plaintiff is considered to be an arrestee or a pretrial detainee, under either status, Plaintiff clearly states a claim. Use of even minor physical force against a person in a police officer's custody without provocation is actionable under section 1983 even if the injuries are not severe or permanent. *Cox v. County of Suffolk,* 780 F.Supp. 103, 109 (E.D.N.Y.1991), *see also Sergio v. Doe,* 769 F.Supp. 164, 167 (E.D.Pa.1991) ("it is not essential to a § 1983

substantive due process claim that the harm done be physical in nature.") (citing *Rhodes v. Robinson*, 612 F.2d 766, 771 (3rd Cir. 1979)). While it does not appear that Plaintiff has claimed any physical injuries resulting from Defendant Nicola's alleged actions, that is not fatal to his claim. Further, any amount of force used during an interrogation violates one's constitutional rights. *Cox*, 780 F.Supp. at 109. Thus, use of such force by Defendant Nicola clearly violates the Fourteenth Amendment's "shocks the conscience" test as well as the Fourth Amendment's objectively reasonable test. *See Tillio v. Montgomery County*, 695 F.Supp. 190, 193 (E.D.Pa.1988) (constitutional violation alleged where sheriff punched plaintiff in back while putting him in cell at courthouse).

█ Finally, Plaintiff has stated a claim against Defendant One Unknown Bridgeport Police Officer. Plaintiff alleges that said defendant "got into the back of the transport vehicle and punched me to the point where the other officers had to restrain him." Amended Complaint, para. 5. He further alleges this occurred while en route to a preliminary hearing. Again, this brings up the issue of whether the Fourth or Fourteenth Amendment applies. Plaintiff does not specifically indicate when his preliminary hearing occurred, however, it is likely it did not occur the same night Plaintiff was arrested. As such, the Defendants were no longer effectuating a seizure but rather, Plaintiff's status was that of a pretrial detainee when the alleged beating occurred. Assuming for purposes of this motion that Plaintiff's facts are true, such action "shocks the conscience" and would be· a violation of Plaintiff's Fourteenth Amendment rights. *See Cox v. County of Suffolk*, 780 F.Supp. 103, 109 (E.D.N.Y. 1991) (plaintiff stated cause of action for unprovoked physical attack while in police custody); *Curran v. City of Boston*, 777 F.Supp. 116, 120 (D.Mass.1991) (cause of action under section 1983 stated where plaintiff alleged police brutality). Additionally, even under the Fourth Amendment test, Defendant's alleged unprovoked attack would not be objectively reasonable.

█ Plaintiff fails to sufficiently allege any claims against Defendants Cane, Boland, Pizza and Martynuik, however, and therefore the motion to dismiss will be granted as to them. Plaintiff alleges that the above Defendants "in concert continually harassed plaintiff during the trial proceedings by threatening to get Vuotto on him again and shouldn't he have fleas, implying reference to the K–9 OFFICER'S assaults on plaintiff." Complaint, para. 37. Mere verbal harassment however, does not rise to the level of a constitutional deprivation so as to qualify for a claim under section 1983, unless fulfillment of the threat was conditioned on plaintiff exercising some constitutionally protected right. *Prisoners' Legal Ass'n v. Roberson*, 822 F.Supp. 185, 189 (D.N.J.1993); *Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D.Pa. 1993); *Hodgin v. Agents of Montgomery County*, 619 F.Supp. 1550, 1553 (E.D.Pa. 1985); *Ricketts v. Derello*, 574 F.Supp. 645, 647 (E.D.Pa.1983). Plaintiff, however, does not allege that Defendant's threats were of such a nature so as to state a claim under section 1983.

█ Further, in the amended complaint, Plaintiff alleges that on March 22, 1992, Defendants Pizza and Boland assaulted him by kicking him out of the police station with their feet when he went to the station to identify Defendant Vuotto as the person who assaulted him. Amended complaint, para. 6. Although Plaintiff alleges that he was assaulted by Defendants Pizza and Boland, it does not appear he was in police custody at the time of the assault. *See Cox*, 780 F.Supp. at 109. Courts recognize that there is a difference between torts committed by police officers and violations of one's civil rights, and that "not all unlawful force used by state law enforcement personnel rise to the level of a constitutional violation." *Meola v. Machado*, 602 F.Supp. 3, 6 (D.Mass.1984). *See also Ricketts v. Derello*, 574 F.Supp. 645, 646 (E.D.Pa.1983) ("the civil rights statute does not seek to redress every injury actionable under the common law tort of battery."). Under the facts as alleged, Plaintiff's only possible claim is a cause of action in tort against Officers Pizza and Boland, and not a claim for violation of his constitutional rights. As such, Plaintiff's section 1983 claims against these defendants must be dismissed.

Nor does Plaintiff's allegation that defendant Police Chief Nicola failed to prevent the alleged harassments and assaults of Plaintiff while free on bail sufficiently state a cause of action under 42 U.S.C. § 1983 for supervisory liability. "[T]raditional concepts of *respondeat superior* do not apply to civil rights actions arising under 42 U.S.C. § 1983." *Chudzik v. City of Wilmington*, 809 F.Supp. 1142, 1148 (D.Del.1992) (citations omitted). Supervisory officials may only be held liable for harm caused by a subordinate when the plaintiff demonstrates the supervisory official's "deliberate indifference" to the alleged deprivation of constitutional rights. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989) (citations omitted); *Chudzik*, 809 F.Supp. at 1148 (citations omitted). *See also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) ("[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence"). Thus, one must know of the deprivation, participate in the deprivation or acquiesce in such conduct to be liable in a supervisory capacity. *Black v. Stephens*, 662 F.2d 181, 189 (3rd Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982) (need to establish causal connection between officer's unconstitutional conduct and police chief's actions before section 1983 liability is imposed). Although Plaintiff alleges he informed Defendant Nicola of the alleged assaults, Plaintiff only seeks to hold Defendant liable for failing to prevent further assaults and harassment after Plaintiff was released on bail. However, as previously stated, Plaintiff has not specifically alleged that any assaults or harassment occurred by Defendants after his release on bail which rise to the level of constitutional deprivations. Nor is there any indication from the complaint that Defendant Nicola could have known his officers would harass and assault Plaintiff once he was released on bail. As such, Plaintiff does not aver facts which demonstrate Defendant Nicola's deliberate indifference, actual knowledge or acquiescence of the other defendants' alleged harassment and assaults of Plaintiff even if they were sufficient to rise to the level of constitutional deprivations.

Finally, Plaintiff fails to sufficiently allege any claims against defendants Martynuik and Cane because he fails to mention what action these defendants specifically took.[5] Although Plaintiff states he was harassed and assaulted while free on bail, Plaintiff's failure to allege any encounters with defendants Officer Martynuik and Detective Cane with sufficient factual specificity requires dismissal of these two defendants from this action. *See Johnson v. Gallagher*, No. Civ.A. 93–0782, 1994 WL 25378 at 4 n. 1 (E.D.Pa. Jan. 28, 1994) (dismissing three defendants where plaintiff failed to allege any use of excessive force or any participation by them); *Alston v. Philadelphia Police Dept.*, Civ.A. No. 87–8245, 1988 WL 2111, at 1 (E.D.Pa. Jan. 12, 1988) ("civil rights complaint must identify those responsible for the conduct about which plaintiff complains.") (citations omitted).[6]

### B. *42 U.S.C. § 1985*

A cause of action under 42 U.S.C. § 1985(3) requires:

1) a conspiracy by the defendants; 2) designed to deprive plaintiff of the equal protection of the laws; 3) the commission of an overt act in furtherance of that conspiracy; 4) a resultant injury to person or property or a deprivation of any right or privilege of citizens; and 5) defendant's actions were motivated by a racial or otherwise class-based invidiously discriminatory animus.[7]

---

**5.** Although Plaintiff claims defendants Cane and Martynuik "continually harassed plaintiff during the trial proceedings by threatening to get Vuotto on him again ...," this fails to rise to a section 1983 claim.

**6.** Plaintiff also alleges he has been denied the right to counsel. The right to counsel is a procedural safeguard, not a substantive right. *Miranda v. Arizona*, 384 U.S. 436, 467, 86 S.Ct. 1602, 1624, 16 L.Ed.2d 694 (1966). "[T]he rem-

edy for a Miranda violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir.1989) (citations omitted).

**7.** Plaintiff's only possible cause of action under 42 U.S.C. § 1985 would be brought under 42 U.S.C. § 1985(3), which states:

*Carter F—3999 v. Cuyler,* 415 F.Supp. 852, 857 (E.D.Pa.1976) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971)); *Whetzler v. Krause,* 411 F.Supp. 523, 528 (E.D.Pa.1976), *aff'd,* 549 F.2d 797 (3rd Cir.1977).

■ As Plaintiff alleges no racial or otherwise class-based invidiously discriminatory animus by Police Defendants, his claim brought under 42 U.S.C. § 1985 must be dismissed.

### C. *42 U.S.C. § 1986*

42 U.S.C. § 1986 states in pertinent part: Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case ...

42 U.S.C. § 1986 (1981).

As Plaintiff has failed to state a claim against Defendants for violations of 42 U.S.C. § 1985, *a fortiori,* no section 1986 claim can exist. *Marino v. Bowers,* 483 F.Supp. 765, 769 (E.D.Pa.1980), *aff'd,* 657 F.2d 1363 (3rd Cir.1981) (citations omitted); *J.D. Pflaumer, Inc. v. United States Dept. of Justice,* 450 F.Supp. 1125, 1131 (E.D.Pa.1978). Further, Plaintiff is precluded from bringing a claim under section 1986 even if there was an adequately stated section 1985(3) claim as Plaintiff waited more than one year after the cause of action accrued to commence this action, and section 1986 has a one year statute of limitations. *See* 42 U.S.C. § 1986 (1981) ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). As such, Plaintiff's claim under 42 U.S.C. § 1986 must be dismissed with prejudice.

### D. *42 U.S.C. § 1997d*

■ 42 U.S.C. § 1997d prohibits retaliation against persons reporting conditions which violate 42 U.S.C. §§ 1997a–j. 42 U.S.C. § 1997d (1981). 42 U.S.C. §§ 1997a–j permits the United States Attorney General to initiate or intervene in civil actions against state actors who subject incarcerated persons to "egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured by the Constitution or laws of the United States." 42 U.S.C. § 1997a(a), c(a)(1) (1981). However, 42 U.S.C. § 1997d does not provide for an individual cause of action. *Price v. Brittain,* 874 F.2d 252, 263 (5th Cir.1989); *Stone–El v. Fairman,* 785 F.Supp. 711, 714 (N.D.Ill.1991) (citing *Cooper v. Sumner,* 672 F.Supp. 1361, 1367 (D.Nev.1987)). Plaintiff neither has a private cause of action nor alleges that Police Defendants deprived him of rights while he was incarcerated. Plaintiff's claim brought under 42 U.S.C. § 1997d must therefore be dismissed.

### E. *Leave to Amend*

By orders dated December 9, 1993 and April 28, 1994, this Court granted Plaintiff

---

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. *42 U.S.C. § 1985(3)* (1981).

leave to amend with regard to County Defendants. Plaintiff's *pro se* status again merits leave to amend his complaint to provide "fair notice" of his claims against Police Defendants.

 The liberal "notice pleading" system of the Federal Rules of Civil Procedure requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Leatherman v. Tarrant County Narcotics Intelligence Unit,* —— U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (citing Fed.R.Civ.P. 8(a)(2)). A claimant need not set out in detail the facts upon which he bases his claim. *Leatherman,* —— U.S. at ——, 113 S.Ct. at 1163 (citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The short and plain statement need only provide fair notice to the defendant of the plaintiff's claim and the grounds on which it rests. *Id.* However, "[e]ach averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e)(1). Averments shall be limited as far as practicable to a statement of a single set of circumstances. Fed.R.Civ.P. 10(b). Each claim founded upon a separate occurrence shall be stated in a separate count whenever separation facilitates clear presentation of the claim. *Id.*

In light of the above rules, Plaintiff shall file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights. When submitting the amended complaint, it is suggested that Plaintiff include the claims from his previous complaints that have not already been dismissed by this Court, so that all of Plaintiff's pending claims against Police Defendants may be considered together in one final complaint. Should Plaintiff fail to comply with the above rules, and upon motion of the Police Defendants, Plaintiff's complaint will be dismissed with prejudice.

### ORDER

AND NOW, this 17th day of August, 1994, upon consideration of Police Defendants' Motion For Judgment On The Pleadings and Motion to Dismiss Plaintiff's Complaint and Amended Complaint and Plaintiff's responses thereto, it is hereby ORDERED that Police Defendants' Motion For Judgment On The Pleadings is DENIED and Police Defendants' Motion to Dismiss Plaintiff's Complaint and Amended Complaint is GRANTED IN PART AND DENIED IN PART. Plaintiff's Complaint and Amended Complaint are DISMISSED WITHOUT PREJUDICE on all claims except Plaintiff's claims under 42 U.S.C. § 1983 against defendants Vuotto, One Unknown Bridgeport Police Officer and Police Chief Nicola. Plaintiff is GRANTED LEAVE TO AMEND his complaint as to remaining Police Defendants within thirty (30) days from the entry date of this Order. IT IS FURTHER ORDERED that Plaintiff's claim under 42 U.S.C. § 1986 is DISMISSED WITH PREJUDICE.