**Linda SLATER**

v.

**Richard E. MARSHALL and Montgomery County Community College.**

**Civ. A. No. 94–CV–6382.**

United States District Court, E.D. Pennsylvania.

Feb. 21, 1996.

Philip Matthew Stinson, Sr., Bochetto & Lentz, Philadelphia, PA, for Plaintiff.

Michael Brodie, Brodie & Rubinsky, Philadelphia, PA, for Defendant Marshall.

Wendy C. Rothstein, Pearlstein/Salkin Associates, Lansdale, PA, Michael I. Levin,

Deborah J. Nathan, Michael I. Levin & Associates, Willow Grove, PA, for Defendant Montgomery Co. Community College.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is Defendant Montgomery County Community College's (MCCC) Motion to Dismiss Count Three of Plaintiff's Third Amended Complaint. Earlier, this Court dismissed the same count but granted Plaintiff, Linda Slater, leave to amend. MCCC contends that the amendment is insufficient to state a claim and that dismissal is therefore appropriate.

**Standard of Review**

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

**Discussion**

Count Three alleges that MCCC violated 42 U.S.C. § 1983 by depriving Slater of her rights under the Constitution's Equal Protection Clause, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (1995) (ADA), 20 U.S.C. § 1681 (Title IX) and § 504 of the Rehabilitation Act, 29 U.S.C. §§ 701–796 (1985 & Supp.1995) (RHA). Section 1983 provides that "[a]ny person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured."

Slater has not responded to this Motion and so, pursuant to Local Rule 7.1(c), we may treat it as uncontested. However, due to the importance of the issues, we choose to address them on their merits.

*1. Rule 8(a)*

■ First, MCCC alleges that Count Three still does not meet the standard enunciated in Fed.R.Civ.P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Vague and conclusory allegations do not provide fair notice and will not survive a motion to dismiss. *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980); *Bieros v. Nicola*, 860 F.Supp. 226, 229 (E.D.Pa.1994); *Sell v. Barner*, 586 F.Supp. 319, 321 (E.D.Pa.1984).

■ Slater's amendment recites four areas where MCCC allegedly violated her rights. Each of these is a 'failure to establish a written policy'-type allegation. For the purposes of Rule 8(a), we find that Slater has sufficiently stated her claim and will not dismiss Count III on that basis.

*2. Equal Protection*

MCCC maintains that the Equal Protection portion of Count III still does not allege that MCCC itself or an MCCC supervisor purposefully discriminated against Slater or was aware of the discrimination and acquiesced in it. It contends this allegation is vital to an Equal Protection claim. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir.1990).

■ We take all well-pleaded facts as true and make all fair inferences in Slater's favor. Even with this, however, there are no allegations that MCCC itself or an MCCC supervisor was involved in or aware of any discrimination. For this reason, we dismiss the Equal Protection portion of Count III.

### 3. ADA and RHA

With respect to the ADA and RHA claims, MCCC contends that there is no allegation that Slater was excluded from, or denied the benefits of, any MCCC program because of her disability. It contends that this is a necessary allegation to both of these claims. 42 U.S.C. § 12132; 29 U.S.C. § 794.

■ As above, even taking all facts as true and making inferences in Slater's favor, we cannot find any allegation that any treatment of Slater was based on her disability. For this reason, we dismiss Count III's claims under the ADA and RHA.

### 4. Policy, Practice or Custom

■ In response to our previous dismissal of her § 1983 claim, Slater's Third Amended Complaint now includes a list of actions that MCCC did *not* take. These allegedly serve to tie the civil rights violations to MCCC itself. Briefly, these non-actions are that MCCC failed to issue written policies or otherwise advise faculty members: (1) how to interact with students with mental disabilities, (2) of their obligations under the ADA, (3) not to put personal correspondence on MCCC letterhead and (4) not to date or otherwise fraternize sexually with students.

MCCC contends that even if these allegations are intended to raise a "failure to train" theory, like that found in *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), that they do not actually state such a claim. It argues that first, MCCC was not legally required to take any of the actions it allegedly failed to take. Second, even if it was, there is no allegation that MCCC's failure to act was done with "deliberate indifference." *Id.; Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059 (3d Cir.1991), *cert. denied*, 503 U.S. 985, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992).

Again, we agree. Slater's Third Amended Complaint does not make any of the requisite allegations, nor can such allegations be reasonably inferred. For this reason, we dismiss Count III for failure to state a claim for which relief can be granted.

■ This is Slater's fourth attempt at drafting her complaint, and her second attempt to plead a § 1983 claim against MCCC. The grounds on which this Motion to Dismiss is granted are the same grounds on which the last Motion to Dismiss was granted. Out of the many areas we identified as lacking, Slater has failed to address almost every one. We need not grant leave to amend when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314, 321 (E.D.Pa.), *aff'd*, 31 F.3d 1175 (3d Cir.1994). In all versions of Slater's complaint, the basic facts underlying her claims have not changed. Those facts, even if true, cannot state a claim against MCCC under § 1983. For this reason, we find it appropriate to dismiss Count III of the Third Amended Complaint with prejudice.

### 5. Punitive Damages

MCCC asks us to reconsider our ruling that punitive damages are available against it, a local agency. *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986); *Quinn v. SEPTA*, 659 A.2d 613, 615 (Commw.Ct.1995). We do not address this question because it is moot as to Count III and because the time for reconsideration has passed with respect to Count IV.