**Sherwin SEAMONS and Jane Seamons, individually, and as natural parents of Brian Seamons, a minor, Plaintiffs,**

**v.**

**Douglas SNOW, individually, and in his capacity as the Coach at Sky View High School and the Cache County School District; Myron Benson, individually, and as Principal of Sky View High School and the Cache County School District; Sky View High School; the Cache County School District; and John and Jane Does 1–40, Defendants.**

**Civ. No. 94–NC–4B.**

United States District Court,
D. Utah,
Northern Division.

Oct. 4, 1994.

---

Barbara H. Ochoa, Dan R. Larsen, Utah Atty. Gen., Salt Lake City, UT, for plaintiffs.

David S. Doty, Jaryl L. Rencher, Robert R. Wallace, Hanson, Epperson & Smith, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION AND JUDGMENT

BENSON, District Judge.

This case came before the Court on August 23, 1994, on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Robert R. Wallace and David S. Doty represented the plaintiffs, Sherwin and Jane Seamons. Dan R. Larsen and Barbara E. Ochoa represented defen-

dants Douglas Snow, Myron Benson, Sky View High School and the Cache County School District.

Having reviewed the memoranda submitted by the parties, having heard oral argument from counsel, being fully apprised, and for good cause appearing, the court enters the following memorandum decision and judgment.

## BACKGROUND INFORMATION

In the fall of 1993, Brian Seamons was a junior at Sky View High School in Smithfield, Utah. He was a member of the football team, playing backup quarterback. Defendant Myron Benson ("Benson") was the principal of Sky View High School. Defendant Douglas Snow ("Snow") was the head football coach. Sky View High School is in the Cache County School District ("the school district").

On October 11, 1993, an incident occurred in the boys locker room at Sky View High School. As Brian was leaving the shower area, he was restrained by four other members of the football team. Using athletic tape, they taped Brian to a towel rack. After Brian was secured by the tape, a fifth student left the locker room and returned with the girl Brian had taken to the homecoming dance a few weeks earlier. She was shown Brian in his taped condition.

The next day, Brian told Benson about the incident. Thereafter, Brian's parents, the plaintiffs in this case, became actively involved in conversations with school officials as to the appropriate action the school should take.

In the aftermath of the incident, following several communications between Snow, Brian, and other members of the football team, Snow suspended and then dismissed Brian from the team. One day following Brian's dismissal from the team, Defendant Larry Jensen, acting in his capacity as superintendent of the Cache County School District, cancelled the remainder of Sky View High School's football season as a direct result of the taping incident and the subsequent events related thereto.

Brian later moved from his parents' home in Smithfield, Utah to reside with his uncle's family in Emery County, Utah, a considerable distance from Smithfield.

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs allege the following bases for recovery:

1.  Defendants Cache County School District and Sky View High School created and tolerated a hostile educational environment in violation of Title IX, 20 U.S.C. § 1681(a).

2.  Defendants are liable under 42 U.S.C. § 1983 for violating Plaintiffs' constitutional rights to procedural due process, substantive due process, freedom of association, freedom of speech, familial association, and for violating Brian Seamons' right to equal education and equal protection.

3.  Sky View High School and the school district had a policy of deliberate indifference to Plaintiffs' constitutional rights.

4.  Sky View High School and the school district fail to train its coaches, faculty and administrators in violation of 42 U.S.C. § 1983.

5.  Defendants conspired to violate Plaintiffs' constitutional rights in violation of 42 U.S.C. § 1983.

6.  Defendants deprived Brian Seamons of class-based civil rights in violation of 42 U.S.C. § 1985(3).

7.  Plaintiffs also seek injunctive relief, attorney's fees under 42 U.S.C. § 1988, and punitive damages. In addition, Plaintiffs have asserted several pendant state claims.

## ANALYSIS

The Court's focus today is a narrow one: deciding whether this case belongs in federal court. All parties concede and the Court agrees that this case does not concern whether the boys involved in the taping incident acted illegally, whether Brian was treated unfairly by his schoolmates and neighbors, whether school employees or school board officials breached a legal duty to prevent the locker room incident, or whether the students involved in the incident were adequately punished. Rather, the Motion to Dismiss

is limited to the question whether the facts alleged in the Complaint, taken as true, may entitle Plaintiffs to relief under federal law, namely, Title IX of the Education Amendments of 1972 or the Constitution of the United States. This Court is not asked to, and does not, express any opinion as to whether Plaintiffs could recover legal relief under any other theories in state court or in any other tribunal than this federal court.

## I. TITLE IX

### A. Background

■ Title IX prohibits educational institutions that receive federal assistance from discriminating on the basis of sex. 20 U.S.C. § 1681(a) (1990). Title IX states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ...

20 U.S.C. § 1681(a) (1990). The purpose of Title IX is to ensure equal educational opportunities to males and females. Title IX's protections arise when sex is the motive behind a harmful discriminatory act. Title IX was not intended to create a genderless society in which every act gives rise to a cause of action simply because it affects a male or a female. The remedies under Title IX may tempt creative lawyers to carry the causal link between gender and gender discrimination further than Congress intended. To state a cause of action under Title IX, a plaintiff must show (1) that he or she was excluded from participation in, denied the benefits of, or subjected to discrimination in an educational program; (2) that the program receives federal assistance; and (3) that his or her exclusion from the program was on the basis of sex. *Bougher v. University of Pittsburgh*, 713 F.Supp. 139, 143–44 (W.D.Pa.1989), *aff'd on other grounds*, 882 F.2d 74 (3rd. Cir.1989).

### B. Preliminary Questions

■ Before determining whether Plaintiffs have stated a claim under which relief can be granted under Title IX, this Court must resolve three preliminary questions. First, whether plaintiffs Jane and Sherwin Seamons have standing as individuals to assert a claim under Title IX. Jane and Sherwin Seamons were not students at Sky View High School. Their Complaint does not allege any facts that could support an argument that they, as distinct from their son, were discriminated against with respect to educational programs or activities. Their claims as individuals under Title IX are therefore without merit. This Court will examine only those claims that Jane and Sherwin Seamons assert on behalf of their son, Brian.

■ The second preliminary matter is to determine which of the defendants, if any, are subject to suit under Title IX. Although the Supreme Court has found that Title IX provides a damages remedy, *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), that remedy is available only when suit is brought against an "education program or activity receiving Federal financial assistance," not in suits against individuals.[1] 20 U.S.C. § 1681(a). Neither Benson nor Snow is an "education program or activity" within the contemplation of the statute. Plaintiffs therefore have no right to bring an action against Benson and Snow, as individuals, under Title IX. This Court need not determine whether Sky View High School is an "education program or activity" because under state law, Sky View High School does not have a corporate existence separate from the Cache County School District. Only school districts, not individual schools, have the power to sue and be sued. Utah Code Ann. § 53A–3–401 (1994). This Court will examine only those claims Plaintiffs assert against the Cache County School District under Title IX.

---

**1.** Compare Title VII, which defines "employer" as a "person engaged in an industry affecting commerce ... *and any agent of such a person.*" 42 U.S.C. § 2000e(b) (1981) (emphasis added). Title IX contains no such agency provision.

■ The third preliminary issue is whether Title IX actions require a plaintiff to show that defendants acted with the intent to discriminate on the basis of sex. Title IX was patterned after Title VI, which prohibits race-based discrimination. *Cannon v. University of Chicago,* 441 U.S. 677, 694, 99 S.Ct. 1946, 1956, 60 L.Ed.2d 560 (1979). Title VI was enacted pursuant to Congress' spending power. *Guardians Ass'n v. Civil Service Comm'n,* 463 U.S. 582, 599, 103 S.Ct. 3221, 3231, 77 L.Ed.2d 866 (1983) (plurality opinion); *Bougher v. University of Pittsburgh,* 713 F.Supp. 139, 145 (W.D.Pa.1989). Statutes adopted pursuant to Congress' spending power allow recovery only where plaintiffs show discriminatory intent. *Guardians Ass'n,* 463 U.S. at 603, 103 S.Ct. at 3233. *See also Doe v. Petaluma Sch. Dist.,* 830 F.Supp. 1560, 1563 (N.D.Calif.1993). Consequently, this Court determines that a plaintiff must prove discriminatory intent in order to prevail under Title IX.

C. Sufficiency of Plaintiffs' Complaint

When reviewing Plaintiffs' Title IX claims pursuant to Defendants' Rule 12(b)(6) motion to dismiss, this Court accepts as true the factual allegations of Plaintiffs' Complaint and resolves all reasonable inferences in Plaintiffs' favor. *See Arnold v. McClain,* 926 F.2d 963, 965 (10th Cir.1991). This Court, however, does not accept conclusory assertions as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982).

■ Plaintiffs' Complaint alleges that Defendants were motivated by an intent to discriminate against Brian on the basis of his sex. Plaintiffs allege the following facts in support of their claim:

1) The school district and Sky View High School have not adopted and published Title IX grievance procedures by which students and their parents can pursue complaints of sexual harassment and discrimination (Complaint, ¶ 77);

2) The school district and Sky View High School have not designated employees at Sky View High School and the school district to act as Title IX coordinators (Complaint, ¶ 78);

3) The school district, Sky View High School and their agents knew or should have known of several incidents of sexual harassment at Sky View High School and other school district schools prior to the violations against Brian (Complaint, ¶ 81);

4) Plaintiffs' complaints about the assault to school district and Sky View High School administrators were repeatedly met with the response that "boys will be boys" (Complaint, ¶ 91);

5) The school district's action in cancelling the entire remaining football season at Sky View High School in effect only increased the harassment and hostility toward Brian and his parents (Complaint, ¶ 101);

6) Snow has made public statements regarding the inappropriateness of imposing discipline or serious sanctions on the perpetrators of the violations because "hazing ... has always gone on in locker rooms" (Complaint, ¶ 108);

7) Neither Sky View High School nor the school district has ever disciplined, sanctioned, or reprimanded Snow (Complaint, ¶ 110);

8) Sky View High School and the school district knowingly, intentionally, and continually characterized the locker room incident as "locker room pranks" and "hazings" to which male students should subject themselves (Complaint, ¶ 111).

After a careful review of all of the facts alleged in the Plaintiffs' Complaint, and resolving all inferences in favor of Plaintiffs, this Court concludes as a matter of law that the allegations of the Complaint do not support the claim that Defendants were motivated by an intent to discriminate against Brian on the basis of his sex.

Defendants' failure to adopt a policy or designate coordinators affects males and females equally, and therefore as a matter of law cannot show an intent to discriminate on the basis of sex. Defendants' knowledge of several unspecific prior incidents, even taken as true, does not show an intent by an educational program or activity to discriminate

against Brian on the basis of his sex in the incident in question in this case. Snow's dismissal of Brian for failing to apologize to his teammates (Complaint, ¶ 45), no matter how appropriate or inappropriate, does not demonstrate an intent on the part of the educational program or activity to discriminate against Brian on the basis of his sex. Defendants' statement that "boys will be boys" does not legally support Plaintiffs' allegation that Defendants were motivated by an intent to discriminate against Brian on the basis of his sex. Taken in any reasonable light, and assuming the truth of the allegations, as we must for the purposes of this motion, such a statement suggests at most an observation that students at the school, who happen by virtue of their birth to be male, occasionally commit immature and inappropriate acts during their path (hopefully) to maturity. Similar comments may be, and no doubt are, said about female students. But it strains common sense and any reasonable construction of Title IX's anti-sex-discrimination purpose to crowd such comments by school officials into an actionable claim of intentional discrimination based on sex.

Similarly, Defendants' public statements concerning the appropriateness of the punishment or characterizing the locker room incident do not support Plaintiffs' allegation that Defendants were motivated by an intent to discriminate against Brian on the basis of his sex. The fact that the cancellation of the football season increased the hostility felt against Brian does not support Plaintiffs' allegation that the school district was motivated by an intent to discriminate against Brian on the basis of his sex. Finally, Defendants' failure to discipline or reprimand Snow does not support Plaintiffs' allegation that the school district was motivated by an intent to discriminate against Brian on the basis of his sex. It may have been wrong, or right, or ethical, or unethical, or noble, or ignoble, but no plausible theory could construe it as an act intended to treat Brian negatively because he is a boy.

### D. Hostile Environment

■ Plaintiffs also assert a claim of hostile environment sexual harassment under Title IX. Hostile environment sexual harassment is a Title VII doctrine which allows a plaintiff to recover for the negligence of his or her employer. Plaintiffs support their position with case law interpreting Title VII rather than Title IX. Important distinctions between titles VII and IX, however, persuade this Court that it is inappropriate to apply Title VII hostile environment case law to this case. As mentioned earlier in this opinion, Title IX was patterned after Title VI. *Cannon,* 441 U.S. at 694, 99 S.Ct. at 1956. Unlike Title VII, Title VI was enacted pursuant to Congress' spending power. *Guardians Ass'n,* 463 U.S. at 599, 103 S.Ct. at 3231; *Bougher,* 713 F.Supp. at 145. Because "legislation enacted pursuant to the spending power is much in the nature of a contract," and because "there can ... be no knowing acceptance" of conditions which a state is unable to ascertain, Congress must be explicit and unambiguous when it conditions the grant of federal moneys. *Pennhurst State Sch. & Hosp. v. Halderman,* 451 U.S. 1, 17, 101 S.Ct. 1531, 1540, 67 L.Ed.2d 694 (1981). Title IX does not expressly create a cause of action based on negligence for hostile environment. It would be inappropriate for this Court to import the doctrine of hostile environment sexual harassment from Title VII into this Title IX action. *Contra Patricia H. v. Berkeley Unified Sch. Dist.,* 830 F.Supp. 1288, 1292 (N.D.Cal.1993).

■ Even if the Title VII hostile environment sexual harassment doctrine were relevant to this Title IX action, Plaintiffs nevertheless have failed to set forth any factual allegations supporting a claim of sexual harassment. The agency responsible for enforcing Title VII, the Equal Employment Opportunity Commission, defines sexual harassment as:

> Unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has

the purpose or effect of unreasonably interfering with an individuals's work performance or creating an intimidating, hostile, or offensive working environment.

29 C.F.R. § 1604.11(a) (1993). Plaintiffs' Complaint contains no allegations of "unwelcome sexual advances" or "requests for sexual favors." The only arguable "verbal or physical conduct of a sexual nature" in the Complaint is the locker room incident itself, for which Plaintiffs concede Defendants are not liable. Because Plaintiffs have not alleged that Defendants' conduct was sexual in any way, Plaintiffs' allegations are not sufficient to base a claim of sexual harassment.

The lack of adequate allegations to support a sexual harassment claim is fatal to Plaintiffs' hostile environment sexual harassment claim as well. The people who were directly affected by the situation at Sky View High School—especially Brian—may be convinced that a "hostile environment" existed at the school. It is important, however, to distinguish the common-sense definition of that term from its legal meaning within the sex-discrimination context. Liability for hostile environment sexual harassment exists under Title VII only when: (1) an employee engages in sexual harassment while acting in the course and scope of his employment; (2) the employer negligently or recklessly fails to remedy or prevent a hostile or offensive work environment of which management-level employees know, or in the exercise of reasonable care should have known; or (3) an employee's act of sexual harassment may be imputed to the employer if the employer's delegation of authority enabled the employee to act. *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 577 (10th Cir.1990). Because Plaintiffs have not alleged facts supporting a claim of sexual harassment, and

because they also have failed to meet the more specific requirements of hostile environment as explained in *Hirschfeld*, it is clear they have no basis for asserting a claim under Title IX even if this Court were to apply case law from Title VII.

**II. 42 U.S.C. § 1983—Deprivation of Constitutional Rights [2]**

Plaintiffs allege that Defendants have acted to deprive them of several constitutionally guaranteed rights and they seek recovery pursuant to 42 U.S.C. § 1983.[3] "The authority possessed by the State to prescribe and enforce standards of conduct in its schools, although concededly very broad, must be exercised consistently with constitutional safeguards." *Goss v. Lopez*, 419 U.S. 565, 574, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975). This Court finds, however, that Plaintiffs have failed to assert cognizable constitutional claims for the following reasons:

■ 1. Plaintiffs have not alleged any factual support for their claim that Defendants violated their right to procedural due process with respect to Brian's alleged constructive dismissal from Sky View High School. "[T]he State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause and which may not be taken away ... without adherence to the minimum procedures required by that Clause." *Goss*, 419 U.S. at 574, 95 S.Ct. at 736. In order to state a due process claim, Plaintiffs must allege facts supporting a claim that Defendants took away Brian's protected interest in public education by acting with the intent to effectuate his dismissal from school without a hearing. The Complaint, however, explains that De-

**2.** Defendants argue that Plaintiffs have no cause of action under 42 U.S.C. § 1983 because their constitutional claims are subsumed by Title IX. The Supreme Court has held that federal statutes providing comprehensive remedies evidence congressional intent to foreclose causes of action under 42 U.S.C. § 1983. *See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). Case law from other circuits supports this view in regard to Title IX claims.

**3.** According to 42 U.S.C. § 1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

fendants did not dismiss Brian, but rather that Brian transferred schools because he perceived a hostile atmosphere at Sky View High School and in the community. This Court has already determined that the Complaint does not contain factual allegations supporting Plaintiffs' claim that Defendants intended to or did create a "hostile environment" as that term is contemplated by Title VII. Of course, this Court is not finding that the atmosphere at Sky View High School was tolerable or intolerable for Brian. Nevertheless, the facts alleged in the Complaint show that it was Brian's decision to leave his high school and his community, not the Defendants'. Consequently Plaintiffs have not stated a cause of action against Defendants for violation of their right to procedural due process.

■■■ Plaintiffs also claim that their due process rights were violated by Defendants' acts which denied Brian his advanced placement credits and participation in interscholastic athletics, and by Defendants' violation of Brian's right to attend public school in the district in which he resides, to be protected from sexual assault and harassment at school, to attend school where he can live with his family, to play on the Sky View High School football team, and to have his reputation and standing in the community protected. In order to state a substantive due process claim, Plaintiffs must assert a deprivation of interests—whether property interests or liberty interests—that are protected by the Constitution. None of the above interests are constitutionally protected. *See Graham v. Independent Sch. Dist. No. I–89,* 22 F.3d 991, 994–95 (10th Cir.1994) (school officials' failure to protect students from assault, even in the face of specific information, "does not invoke the protection of the Due Process Clause"). Furthermore, even if these were constitutionally protected interests, Plaintiffs would not have a claim against Defendants because the Complaint contains no factual allegations supporting a contention that Defendants took action against Brian with the intent to deprive him of those interests. *See Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344,

348, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986).

■■■ 2. Plaintiffs have not alleged any factual support for their claim that Defendants violated their right to substantive due process with respect to Defendants' alleged failure to protect Brian from other Sky View High School students. The United States Supreme Court has held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty and property of its citizens against invasion by private actors" unless the State has made an affirmative act restraining the individual's freedom to act on his own behalf. *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989). The Tenth Circuit Court of Appeals has recently held that mandatory school attendance does not create the kind of custodial relationship that gives school officials the duty to take affirmative action to protect students from a violation of the Fourteenth Amendment—even where school officials know of a danger. *See Graham,* 22 F.3d at 994–95. In *Graham,* the Tenth Circuit consolidated two cases involving student-on-student violence and concluded that:

> because no special relationship existed between the plaintiffs [students] and the defendants [school employees and officials], defendants' alleged nonfeasance in the face of specific information which would mandate action does not invoke the protection of the Due Process Clause.... In the absence of a custodial relationship, we believe plaintiffs cannot state a constitutional claim based upon the defendants' alleged knowledge of dangerous circumstances.

*Graham,* 22 F.3d at 995. Under the principles of *DeShaney* and *Graham,* it is clear that Plaintiffs cannot state a cognizable substantive due process claim based on Defendants' alleged failure to protect Brian from other Sky View High School students.

■■■ 3. Plaintiffs have not alleged any factual support for their claim that Defendants violated their right to freedom of association by telling Brian that he should leave Sky View High School. In order to show a violation of the right to freedom of associa-

tion, Plaintiffs must allege facts indicating that Defendants intended to deprive Plaintiffs of their right to group association and acted in a way that constituted governmental deprivation of the Plaintiffs' right to group association. *Griffin v. Strong*, 983 F.2d 1544, 1548 (10th Cir.1993); *Trujillo v. Board of County Comm'rs*, 768 F.2d 1186, 1189–90 (10th Cir.1985). Because Plaintiffs have failed to allege any facts showing such intent, they have failed to state a claim for violation of their right to freedom of association.

■■■■■ 4. Plaintiffs have not alleged facts in support of their claim that Defendants violated their or Brian's right to freedom of speech. Plaintiffs claim that Defendants discouraged them from making statements to the press about the hazing incident, that Benson and Snow publicly ridiculed and criticized Plaintiffs for speaking out about the hazing incident, and that Snow removed Brian from the football team for reporting the locker room incident or for refusing to apologize to the team. Mere discouragement from exercising a constitutional right does not give rise to a cause of action. *Macko v. Byron*, 576 F.Supp. 875, 880 (N.D.Ohio 1983). Nor does public criticism.

■■■ Snow's removal of Brian from the team because Brian refused to apologize, an allegation which this Court must accept as true for the purposes of this motion, may not legally have violated Brian's right to free speech because Snow is protected by qualified immunity. The doctrine of qualified immunity shields government officials from liability unless those officials "know or reasonably should have known that the action [they] took within [their] sphere of official responsibility would violate the constitutional rights of the [plaintiff], or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury." *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1981). Plaintiffs have not alleged that Snow knew or should have known that his action would deprive Brian of his constitutional rights. In addition, Plaintiffs have failed to allege facts tending to show that Defendants acted with an intent to deprive Brian of his rights or to cause injury to him. Plaintiffs have also failed to show that Defendants violated any "clearly established" law. Consequently, Snow's dismissal of Brian for failing to apologize is not actionable.

■■■ 5. Plaintiffs have not alleged any factual support for their claim that Defendants violated Brian's right to an equal education. As understood by federal law, the right to an equal education means the right to be free from segregation based on race, color, sex, or national origin. 20 U.S.C. § 1703. *See Brown v. Board of Educ.*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). Segregation is:

> the assignment by an educational agency of a student to a school, other than the one closest to his or her place of residence within the school district in which he or she resides, if the assignment results in a greater degree of segregation of students on the basis of race, color, sex, or national origin among the schools of such an agency than would result if such student were assigned to the school closest to his or her place or residence within the school district of such agency providing the appropriate grade level and type of education for such a student.

17 U.S.C. § 1703. Although Plaintiffs allege that Defendants "segregated" Brian from the school closest to his residence, they concede that Defendants did not "assign" Brian to another school within the district in which he resides. Even if Defendants' actions or inaction constructively removed Brian from Sky View High School, Plaintiffs have nevertheless failed to allege facts supporting their claim that Defendants assigned Brian to another school. Plaintiffs have also failed to plead that Brian was treated differently than other similarly situated students. Plaintiffs do not have a cognizable claim for violation of Brian's right to an equal education.

■■■ 6. Plaintiffs have not alleged any factual support for their claim that Defendants violated Brian's right to equal protection. The requirements for establishing a Section 1983 claim are the same as those for establishing the underlying constitutional or statutory violations. *Baker v. McCollan*, 443 U.S. 137, 140, 144 n. 3, 99 S.Ct. 2689, 2692–

93, 2695 n. 3, 61 L.Ed.2d 433 (1979). Purposeful discrimination is an essential element of an equal protection violation. *Batson v. Kentucky,* 476 U.S. 79, 93, 106 S.Ct. 1712, 1721, 90 L.Ed.2d 69 (1986). Plaintiffs have not alleged any facts supporting the allegation that Defendants' purpose was to discriminate against Brian due to Brian's membership in a protected class. In fact, the Complaint clearly alleges that Defendants took action because Brian reported the locker room incident and refused to apologize to his teammates. Complaint, ¶ 45.

7. Plaintiffs have not alleged any factual support for their claim that Defendants violated Plaintiffs' right to familial association. In order to state a claim for such a violation, Plaintiffs must allege facts tending to show that Defendants directed their "statements or conduct at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship." *Griffin v. Strong,* 983 F.2d 1544, 1548 (10th Cir.1993). Plaintiffs have not alleged any such facts and therefore have failed to state a claim for a violation of the right to familial association.

8. Plaintiffs have not alleged sufficient facts to support their claim that Sky View High School and the school district had a policy of deliberate indifference to Plaintiffs' constitutional rights. Plaintiffs have not referred to any specific "policy" and have not alleged that any of the Defendants adopted or approved an unconstitutional policy. Most importantly, Plaintiffs have not alleged any facts that could support causation between the lack of a policy and the alleged harm. Given these deficiencies, and the fact that the school district had no affirmative duty to approve or implement any peer sexual harassment policy, Plaintiffs have not stated a cognizable claim of deliberate indifference.

9. Plaintiffs have failed to allege the deprivation of any recognized constitutional right based on Defendants' alleged failure to train the coaches, faculty and administrators at Sky View High School to deal properly with students' peer sexual harassment complaints. Although a municipal government may be held liable for failure to train its employees, such liability arises only where the failure to train results from the deliberate indifference of that municipal government. *City of Canton v. Harris,* 489 U.S. 378, 388–89, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389, 109 S.Ct. at 1205. Plaintiffs have not alleged any facts supporting a claim that the Cache County School District deliberately failed to train its employees to deal properly with students' peer sexual harassment complaints. A mere failure to train is not actionable. Furthermore, as stated in number 2 above, Defendants have no constitutional duty to protect students from each other. *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989); *Graham v. Independent School Dist. No. I–89,* 22 F.3d 991, 994–95 (10th Cir.1994). *A fortiori,* Defendants had no duty to train others in methods of protecting students from one another.

10. The Complaint is devoid of alleged facts supporting Plaintiffs' claim that Defendants conspired to violate Plaintiffs' constitutional rights. Bare conclusions are not sufficient to state a claim for relief. *Swoboda v. Dubach,* 992 F.2d 286 (10th Cir. 1993); *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir.1983). This claim therefore fails as to all Defendants.

### III. Conspiracy to Violate Constitutional Rights Under § 1985

In order to state a claim under 42 U.S.C. § 1985(3), Plaintiffs must allege that Defendants, motivated by a class-based invidiously discriminatory animus, conspired to deprive plaintiff of equal protection rights or of equal privileges and immunities and that Plaintiffs were thereby injured. *See Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). More specifically, Plaintiffs must allege:

1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property, or deprived of any right, or privilege of a citizen of the United States.

*Lewis v. Green*, 629 F.Supp. 546, 552 (D.D.C. 1986).

Under this burden, Plaintiffs must allege facts supporting an inference that Defendants reached a "meeting of the minds" and that they were "discriminatorily motivated" to deprive Plaintiffs of equal protection. *See Gallegos v. City and County of Denver*, 984 F.2d 358, 364 (10th Cir.1993). The facts alleged in the Complaint cannot support such an inference. Consequently Plaintiffs' conspiracy claim under Section 1985 must fail.

### IV. Injunctive Relief

In order to seek injunctive relief, Plaintiffs must have a "personal stake in the outcome." *Rizzo v. Goode*, 423 U.S. 362, 372–73, 96 S.Ct. 598, 605, 46 L.Ed.2d 561 (1976) (*quoting Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). Plaintiffs have failed to allege any facts that could support the requisite showing that they have a personal stake in the outcome—particularly because Brian no longer attends Sky View High School. Consequently Plaintiffs have no basis for requesting injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1664–65, 75 L.Ed.2d 675 (1983).

### V. Attorney Fees

Under 42 U.S.C. § 1988, a party that prevails on any significant issue in litigation can be awarded attorney fees. This matter is entirely within the Court's discretion. The Court declines to award attorney fees in this case.

### VI. Punitive Damages

It has been established that "punitive damages are appropriate in a section 1983 case 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir.1989) (*quoting Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983)). Because Plaintiffs have not alleged any facts legally supporting a Section 1983 claim, there is no basis for the allegation that Defendants acted with evil motive or reckless indifference. Plaintiffs' claim for punitive damages fails under the *Wulf* standard.

### CONCLUSION AND JUDGMENT

This case does not belong in federal court. Plaintiffs are unable to allege facts supporting a cause of action under either Title IX or sections 1983 and 1985. Because Plaintiffs have failed to state a federal claim, this Court declines to exercise pendent jurisdiction over the state law claims.

Therefore, IT IS HEREBY ORDERED that Plaintiffs' federal law claims are dismissed with prejudice, and that Plaintiffs' pendent state law claims are dismissed without prejudice.