**Linda SLATER**

v.

**Richard E. MARSHALL and Montgomery County Community College.**

**Civ. A. No. 94–CV–6382.**

United States District Court,
E.D. Pennsylvania.

Nov. 8, 1995.

Philip Matthew Stinson, Sr., Bochetto & Lentz, Philadelphia, PA, for Plaintiff.

Michael Brodie, Brodie & Rubinsky, Philadelphia, PA, for Marshall.

Wendy C. Rothstein, Pearlstein/Salkin Associates, Lansdale, PA, Michael I. Levin, Michael I. Levin & Associates, Willow Grove, PA, for Montgomery Co. Community College.

## MEMORANDUM

JOYNER, District Judge.

Before this Court today is Defendant Montgomery County Community College's (MCCC) Motion to Dismiss Plaintiff's Second Amended Complaint.[1] Plaintiff, Linda Slater, was a student at MCCC from 1991 through 1994. During that time she was a student of MCCC Professor Richard Marshall, who allegedly sexually harassed her on the basis of her gender and her mental disability. As a result, Slater has sued Marshall in his individual capacity for two common law torts and MCCC and Marshall in his official capacity for violations of 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688 (1990).[2]

### Standard of Review

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

### A.  42 U.S.C. § 1983

42 U.S.C. § 1983 provides that "[a]ny person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." In Count Three of her complaint, Slater alleges that MCCC has violated § 1983 by violating the Constitution's Equal Protection Clause, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (1995) (ADA), Title IX, 20 U.S.C. § 1681 and § 504 of the Rehabilitation Act, 29 U.S.C. §§ 701–796 (1985 & Supp.1995) (RHA).

---

1. This Memorandum and Order also resolves Defendant's original Motion to Dismiss Plaintiff's Amended Complaint which was affected by the filing of Plaintiff's Second Amended Complaint in August, 1995.

2. The original Complaint only named Marshall as a Defendant. Upon Marshall's Motion, we ordered Slater to amend her Complaint to expressly name MCCC to accurately reflect that Marshall was being sued in both his official and individual capacity. *See* Memorandum and Order April 13, 1995.

Preliminary, Slater encourages this Court to disregard all of MCCC's arguments based on the Law of the Case doctrine. Under this doctrine, we would not revisit our previous rulings so as to "protect against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177–78, 100 L.Ed.2d 811 (1988). Slater points out that this Court previously ruled on the legal sufficiency of her complaint when we addressed Marshall's motion to dismiss.

We find, however, that the issues Marshall raised and the issues MCCC raises are different. So, even though we ruled that none of Marshall's objections to Slater's complaint had merit and therefore denied his Motion to Dismiss, that ruling does not determine whether MCCC's different arguments have merit. For this reason we will examine MCCC's arguments. *Id.* at 816, 108 S.Ct. at 2177.

First, MCCC alleges that Count Three does not meet the standard enunciated in Fed.R.Civ.P. 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." We note that both Slater and MCCC cite the same, and correct, standard of pleading. One point of Rule 8(a) is to ensure that the defendant receives fair notice of the claim against it and the grounds upon which the claim rests. *Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 167–68, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). Vague and conclusory allegations do not provide fair notice and will not survive a motion to dismiss. *United States v. City of Philadelphia*, 644 F.2d 187, 204 (3d Cir.1980); *Bieros v. Nicola*, 860 F.Supp. 226, 229 (E.D.Pa.1994); *Sell v. Barner*, 586 F.Supp. 319, 321 (E.D.Pa.1984).

MCCC contends that Slater's bare allegations that the Defendants are state actors and that they "acted under the color of state law, regulations, policies, ordinances, and procedures" (Complaint ¶ 37) are not specific enough to give them fair notice of her claim. In support, MCCC cites *Bieros*. There, this Court dismissed a *pro se* prisoner plaintiff's complaint with leave to amend. We found that the plaintiff had not made sufficient

factual, as opposed to conclusory, averments of each Defendant's alleged violations of plaintiff's civil rights. 860 F.Supp. at 236. MCCC argues that Slater's complaint suffers from the same defect in that it is conclusory and does not identify a particular law, custom, policy or practice that violated her rights.

Slater argues that her § 1983 claim is pleaded with sufficient particularity because she alleges that MCCC is a state actor and "acted under the color of state law, regulations, policies, ordinances, and procedures." Complaint ¶ 37. However, these are the only references to MCCC that she makes.

Although Slater need not plead facts giving rise to her claim, she must make more than the existing vague and conclusory statements in her complaint. *Hines v. Sheahan*, 845 F.Supp. 1265, 1268 (N.D.Ill.1994); *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D.Tex. 1993). Without more detail, we find MCCC does not have fair notice of what Slater's claim is based on, not even whether she alleges that MCCC acted pursuant to a state law or an internal college procedure. For this reason, we must dismiss Count Three of the complaint against MCCC.

Second, MCCC argues that there is no respondeat superior liability under § 1983, and therefore it can only be held liable for acts which it officially sanctioned or ordered or which were performed or ordained by an official who has final policy making authority in that area of its business. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122–23, 108 S.Ct. 915, 923–24, 99 L.Ed.2d 107 (1988), *citing Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). MCCC argues that Marshall has no policy-making authority pursuant to state law, 24 Pa.Cons.Stat.Ann. § 19–1905–A, and therefore, MCCC is not liable for Marshall's conduct.

Third, MCCC contends that Slater's complaint is inadequate with respect to the violations alleged within the § 1983 Count. For example, it argues that there is no allegation that MCCC itself or an MCCC supervisor purposefully discriminated against Slater or was aware of the discrimination and ac-

quiesced in it, an allegation they contend is vital to an Equal Protection claim. *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3d Cir.1990). With respect to the ADA and RHA claims, MCCC argues that Slater fails to allege that she was excluded from, or denied the benefits of, any MCCC program because of her disability. It contends that this is a necessary allegation to both of these claims. 42 U.S.C. § 12132; 29 U.S.C. § 794.

Slater does not respond to either of these arguments and we find that they have merit. For all these reasons, we dismiss Count Three of Slater's complaint, but grant her leave to amend and more fully plead it.

### B. Title IX

■ MCCC asks this Court to dismiss Count Four on the basis that there is no hostile environment liability under Title IX.[3] It argues that Slater's allegations amount to a hostile environment claim because she uses those words in her complaint. Complaint ¶ 42. Slater, however, maintains that her claim is for quid pro quo harassment, which is covered by Title IX.[4] In this situation, we will not disregard plaintiff's own theory of her claim, and therefore whether Title IX covers hostile environment harassment is irrelevant to this litigation.

MCCC further argues that even if Slater's complaint does attempt to state a claim for quid pro quo harassment it fails because she does not allege that she was denied any benefits. It points out that she alleges that she graduated with a 4.0 grade point average even after she refused to have a sexual relationship with Marshall.

We find that Slater has adequately alleged quid pro quo harassment. Her complaint alleges that "Defendants' actions ultimately excluded the plaintiff from meaningful course work at the college on the basis of gender." Complaint ¶ 43. We find that this allegation pleads a denial of benefits, and therefore, deny MCCC's motion to dismiss Count Four on that ground.

### C. Punitive Damages

■ MCCC asserts that it is not liable for punitive damages because it is a public entity. In support of this assertion, it cites *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986). There, the Pennsylvania Supreme Court held that awards of punitive damages against Commonwealth agencies have historically been prohibited. *Id.* at 579, 517 A.2d at 1276. It therefore ruled that it would be "inappropriate to assess punitive damages against SEPTA given its status as a Commonwealth agency." *Id.* at 581, 517 A.2d at 1277.

■ Slater does not address this argument, but her complaint alleges that MCCC is a public college organized pursuant to the laws of the Commonwealth of Pennsylvania, 24 Pa.Cons.Stat.Ann. § 19–1901 through § 19–1913–A (1992). Based on our research, however, it appears that community colleges are considered local agencies, not state agencies. *Brown v. Community College,* 654 A.2d 32, 33–35 (Commw.Ct.1994) (citing cases). MCCC does not argue that local agencies are immune from punitive damage awards, only that state agencies are. *See e.g. Quinn v. SEPTA,* 659 A.2d 613, 615 (Commw.Ct.1995) (*Feingold* had to decide whether SEPTA was Commonwealth or local agency because only Commonwealth agency immune from punitive damages). Because we find that MCCC is a local agency we find that *Feingold* does

---

3. The Third Circuit has not decided whether there is hostile environment liability under Title IX. *Bougher v. University of Pittsburgh,* 882 F.2d 74, 77 (3d Cir.1989). Other courts have split on this issue. *See e.g. Patricia H. v. Berkeley Unified School Dist.,* 830 F.Supp. 1288 (N.D.Cal.1993) (liability); *Seamons v. Snow,* 864 F.Supp. 1111 (D.Utah 1994) (no liability).

4. Slater further argues that if she proves quid pro quo harassment by Marshall, MCCC is absolutely liable under *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 901 (1st Cir.1988) and *Meri-*

*tor Savings Bank v. Vinson,* 477 U.S. 57, 70–71, 106 S.Ct. 2399, 2406–07, 91 L.Ed.2d 49 (1986). This contention is incorrect. Although *Lipsett* does cite *Meritor,* in dicta, for the proposition that there is absolute liability for quid pro quo harassment, this citation must be an error. *Meritor* specifically rejected absolute liability and held that the "Court of Appeals erred in concluding that employers are always automatically liable for sexual harassment by their supervisors." *Id.* at 72, 106 S.Ct. at 2408.

not apply and do not dismiss the punitive damages claims against MCCC.

An appropriate Order follows.

### ORDER

AND NOW, this 8th day of November, 1995, upon consideration of the Motion to Dismiss by Defendant Montgomery County Community College (doc. no. 10) and the Motion to Dismiss Plaintiff's Second Amended Complaint by Defendant Montgomery County Community College (doc. no. 26) and responses thereto, the Motions are hereby GRANTED in PART and DENIED in PART. In accordance with the attached Memorandum, the Motions are hereby GRANTED in that Count Three is Dismissed against MCCC and Plaintiff is hereby GRANTED fifteen days to amend Count Three. In all other respects, the Motions are DENIED.

FURTHER, upon consideration of Plaintiff's Motion to Voluntarily Dismiss Certain Causes of Action Against Defendant Montgomery County Community College (doc. no. 13), the Motion is hereby DENIED as MOOT pursuant to the filing of Plaintiff's Second Amended Complaint.